# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER SUMMARILY DISMISSING** |
| vs. | ) | **DEFENDANT'S SECTION 2255 MOTION** |
| | ) | |
| Andres Arturo Colon, | ) | Case No. 4:06-cr-024 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| Andres Arturo Colon, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:07-cv-002 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is defendant Andres Arturo Colon's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence," filed on January 17, 2007. In his motion, Colon asserts that the Court did not have jurisdiction over him because he is a non-Indian.

On April 18, 2006, Colon pled guilty to the offense of assault with a dangerous weapon as set forth in Count Two of the Indictment. Count Two of the Indictment alleged that:

> On or about February 11, 2006, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United Sates, ANDREAS ARTURO COLON, <u>a non-Indian</u>, assaulted William White, an Indian, with a dangerous weapon, namely a knife, with intent to do bodily harm and without just cause and excuse.

See Docket No. 10 (emphasis added). Paragraph 24 of the Plea Agreement, signed by Colon on March 15, 2006, states in part:

> The defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the

>   exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶ 6(3) premised on a right newly recognized by the United States Supreme Court.

See Docket No. 17, ¶ 24.  On June 30, 2006, Colon was sentenced to 60 months of imprisonment, three (3) years of supervised release, a $100 special assessment, and $30,017.56 in restitution.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings, if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the Court must dismiss the motion.  The Court finds that in his Plea Agreement with the Government (Docket No. 17, ¶ 24), Colon expressly waived his right to bring a Section 2255 motion challenging his conviction or sentence.  Such a waiver is fully enforceable. See United States v. Andis, 333 F.3d 886 (8th Cir. 2003); United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  In addition, a review of the record reveals that Colon is not entitled to relief.  The record clearly reflects that federal jurisdiction was premised on the fact the victim of the assault was an Indian/Native American not that Colon was an Indian/Native American.  Accordingly, Colon's Section 2255 motion (Docket No. 49) is **DISMISSED**.

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).  In addition, upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[1]

If Colon desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 250-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 19th day of January, 2007.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court